IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVIN PIERRE PHILLIPS, #155687, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-383-WKW |
| ) | |
| GOVERNOR KAY IVEY, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This civil action is pending before the court on a 28 U.S.C. § 1361 petition for writ of mandamus filed by Alvin Pierre Phillips, an indigent state inmate currently incarcerated at the Bullock Correctional Facility. In the instant action, Phillips requests that this "court order the Defendant . . . to enact by Executive order a mandatory probationary release provision within the state's Split Sentence Act" which would result in the release of certain eligible inmates "near [their] end of sentence dates determined at a 75% completion of sentence rate." Doc. 1 at 2.

**II.  DISCUSSION**

The All Writs Act provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act's statutory language, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists." *Gehm v. New York Life Ins.*

*Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998).  Specifically, "a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id*. While the law is well-settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, *see* 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state officials in the performance of their duties when mandamus is the relief sought.  *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988) ("The federal courts have no general power to compel action by state officials" and when a plaintiff "expressly [seeks] relief in the nature of mandamus" a federal court lacks jurisdiction to grant such relief.)  "The text of the mandamus statute . . . makes clear that a district court . . . lacks mandamus authority over . . . state officials."  *McClure v. Jones*, 2016 WL 6595920, at *1, n. 1 (Nov. 7, 2016).

> The Supreme Court has explained that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *accord Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). "[T]he writ has traditionally been used in the federal courts only . . . to compel [an inferior federal court or a federal official] to exercise its authority when it is its duty to do so." *Kerr*, 426 U.S. at 402, 96 S.Ct. 2119 (quotation marks omitted). . . . Issuance of the writ is largely a matter of discretion with the court to which the petition is addressed. *See Schlagenhauf v. Holder*, 379 U.S. 104, 112 n. 8, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

*In re Amy Unknown*, 701 F.3d 749, 757 (5th Cir. 2012).  Thus, a federal court has no authority by way of mandamus to address an action or omission of a state official. *In re Cook*, 589 F. App'x 44, 45 (3rd Cir. 2014).  Where the only relief sought by a plaintiff is

2

to compel action by a state official through relief which is mandamus in nature, this court lacks jurisdiction to grant the requested relief and should dismiss the petition. *Lawrence v. Miami-Dade County State Attorney Office*, 272 F. App'x 781 (11th Cir. 2008); *In re Tart*, 764 F. App'x 355 (4th Cir. 2019) (holding that a federal court lacks jurisdiction to grant mandamus relief against state officials).

It is clear from the foregoing that this court has no mandamus authority over the Governor of the State of Alabama and, hence, lacks jurisdiction to grant the mandamus relief sought by Phillips.

### III.  CONCLUSION

1.  The petition for writ of mandamus seeking issuance of an order directing Governor Kay Ivey to enact an Executive Order amending the Split Sentence Act to include a mandatory probationary release provision be DENIED.

2.  This case be DISMISSED with prejudice.

On or before **June 20, 2019**, **t**he plaintiff may file objections to the instant Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. §636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation.  The failure to file written objections will also waive the right of the

plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of June, 2019.

/s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE